THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **LYKINS ENERGY SOLUTIONS,** | : | Case No. 1:15-cv-00778-MRB |
| Plaintiff, | : | Judge Michael R. Barrett |
| v. | : | |
| | : | **MEMORANDUM IN OPPOSITION TO** |
| **FOLEY CARRIER SERVICES, LLC, et al.** | : | **MOTION TO TRANSFER VENUE** |
| Defendants. | : | |

The motion to transfer venue should be denied. The movants have failed to meet their burden of showing that the interests of justice and the balance of convenience "strongly" favor transfer; the reality is that transfer would do nothing other than shift the (minimal) inconvenience from one group of defendants to the plaintiff.

The motion to transfer correctly recites that transferring venue requires the movant to establish both parts of a two-part test. The first part of that test—whether the claim could have been brought in a transferee district—is not in dispute here; Lykins agrees that the claims in this case could have been brought in the Eastern District of Kentucky.

But as to the second part of that test, the movants bear the burden of showing that, "considering all relevant factors, the balance of convenience and the interest of justice 'strongly' favor transfer." *P&G Co. v. Team Techs., Inc.*, 2012 U.S. Dist. LEXIS 167208, at *6 (S.D. Ohio no. 1:12-cv-552, Nov. 26, 2012). This they have failed to do; transfer to the Eastern District of Kentucky is not proper.

As this Court said in *St. Joseph Solutions, LLC v. Microtek Medical, Inc.*, the factors relevant to a motion to transfer venue include "the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns,

1

such as systematic integrity and fairness, which come under the rubric of 'interests of justice.'" 2011 U.S. Dist. LEXIS 136192, at *10-11 (S.D. Ohio no. 1:11-cv-388, Nov. 28, 2011) (citations omitted).  None of these factors weigh in favor of transfer.

### 1. The private-interest concerns weigh in favor of denying the motion

In addition to the plaintiff's choice of forum, which "is entitled to substantial consideration where the plaintiff also resides in the chosen form," *id.* at *20 (internal markup omitted), and which should "rarely be disturbed," *id.* at *10, 17, the relevant private-interest concerns "include the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* at *11.  Here, these factors do not weigh in favor of transferring venue, much less "strongly" weigh in favor of transfer.

#### a. This venue has a substantial connection to the case

The movants concede that the plaintiff's forum is generally entitled to deference, but they incorrectly argue that the forum has "no connection" to the case.  That's wrong; the truth is that the connection is substantial, for at least three reasons.

**First**, Lykins resides in the forum, being headquartered in Clermont County, Ohio. *See Complaint*, dkt 2, ¶1, PAGEID # 33.  Even the plaintiffs concede in their brief that a plaintiff's home forum is entitled to deference, *see* dkt. 12-1, PAGEID #: 116, and this Court has explained that a plaintiff's chosen forum "is entitled to '*substantial consideration*'" when the plaintiff resides in the forum. *St. Joseph Solutions*, 2011 U.S. Dist. LEXIS 136192, at *20 (emphasis added).  This factor therefore weights against transfer.

**Second**, a substantial part of the acts giving rise to the claims occurred in this district. The movants' argue that the actions relating to the alleged fraud occurred in Kentucky, because that's where R&S loaded the fuel that is alleged to have been fraudulently obtained. But this misses at least three critical points—namely, (1) that venue is proper in the district where fraudulent representations were received and the injury was suffered; (2) the fraud claim is also based on the fraudulent inducement to enter into a settlement agreement that was negotiated, agreed to, and executed in Ohio; and (3) that there are other claims in this case besides the fraud.

As to point (1), it's certainly true that the fuel loaded by R&S was loaded in Kentucky, but this ignores the fact that Brooks communicated regularly with Lykins employees in Ohio and made allegedly fraudulent representations to Lykins in Ohio, and that Lykins was victimized and injured in Ohio. Thus, while some acts giving rise to the fraud claim (e.g., the physical loading of fuel) occurred in Kentucky, a substantial part of the acts also occurred in this district.

As to point (2), paragraphs 49-52 of the complaint, *see* dkt. 2 at PAGEID #: 42-43, describe how Lykins, R&S, and Brooks were sued by non-party Advance Business Capital, and how that litigation was settled based on allegedly fraudulent representations from R&S and Brooks regarding how that settlement was to be effected. The attached declaration of Lykins's counsel, Jeff Nye, indicates that that settlement was reached in a November 3, 2014 mediation conducted by Bill Hawkins at his office at Baker Hostetler, in the Scripps Center at 312 Walnut Street in Cincinnati. *See Nye Decl.*, ¶2-3. The settlement is memorialized in a memorandum of understanding which was negotiated, agreed to, drafted, and executed in Bill Hawkins's Cincinnati offices on that date. *Id.*, ¶4. On that date and in Cincinnati, defendant Brian Brooks executed the MOU on his own behalf and on behalf of R&S Oil. *Id.*, ¶4. It was executed on that date and in Cincinnati by Bob Manning, the treasurer of Lykins. *Id.* And at Bill Hawkins's request, the MOU

was witnessed by both Brooks's and R&S's attorney, John Hamilton, and the undersigned. *Id.* (The MOU is not attached to the Nye declaration due to a confidentiality agreement between Lykins and ABC, but Brooks took a copy with him when he left on November 3, 2014. *Id.*). A substantial part of the events giving rise to this portion of the fraud claim therefore not only occurred in this district, but occurred *exclusively* in this district.

And as to point (3), this case is not merely a fraud case. Counts three and four of the complaint allege that the movants breached contracts with Lykins. *See Complaint*, dkt 2, at PAGEID #: 44-45. Regardless of whether Ohio or Kentucky law were to control in this case (on which more below) the fact that performance (i.e., payment) was due, but not rendered, in Ohio, means that the contracts were breached in Ohio. *See, e.g., Soloman v. Excel Marketing, Inc.* (Ohio App. 2d Dist. 1996), 114 Ohio App.3d 20, 25-26 ("Various jurisdictions have held that the refusal to pay money due on a contract results in a breach of that contract at the place where the money was to be paid and that, absent an express agreement to the contrary, proper venue is presumed to lie in the county in which the payee's place of business is located."); *see also* Kentucky Rev. Stat. § 452.450 (proper location for breach of contract claim is where contract is "to be performed"). On this last point, Lykins notes that the movants appear to be implicitly asking the Court to apply the venue rule that prevailed prior to the 1990 amendment to 28 USC §1391. The old version of that statute provided that venue was proper only in one district—namely, the district in which the claim for relief arose. Under the case and statute cited in the preceding paragraph, therefore, this district would have been the appropriate venue even under the old statute. But today, the Sixth Circuit has made it clear that the 1990 amendment to that statute was intended to make venue *more permissive*. Now, there may be more than one permissible venue, and the Court's task is not to seek out the "best" venue. Instead, any venue in which a substantial part of the events occurred is

a proper venue. *See First of Michigan Corp. v. Bramlet*, 141 F.3d 260, 263-264 (6th Cir. 1998). Given that this district would have been the appropriate venue under the older, more restrictive standard (because claims for relief arose in this district), it also is a permissible venue under the new, more permissive standard. This factor weighs against transfer.

**Third**, the fact that this case was removed from state court does not weigh in favor of transfer. One reason is that Lykins would have filed in the Southern District if it had been able to ascertain that there was complete diversity of citizenship of the parties. The attached declaration of Lykins's counsel, Jeff Nye, includes as an exhibit a December 14, 2015 email to the attorneys for defendant Foley Carrier Services, LLC. It was sent in response to receipt of the notice of removal, and was sent well in advance of the January 4, 2016 motion to transfer venue. In that email, the undersigned seeks to confirm the citizenship of Foley (and thus this Court's subject matter jurisdiction) and states: "We don't have any objection to litigating the case in the Southern District, and in fact we would have filed there if we had been able to ascertain Foley's citizenship definitively." *See Nye Decl.*, ¶5. In other words, notwithstanding the removal, in fact this district *was* the plaintiff's chosen forum. This factor therefore weighs against transfer as well.

      b.  **Access to proof, availability of process, and cost of attendance weigh in favor of denying transfer**

The movants argue that they are not aware of any witnesses other than Lykins in Ohio, that the movants are all in Kentucky, and therefore that transfer is appropriate "since more witnesses live in Kentucky than Ohio." *See Motion to Transfer*, dkt. 12-1, PAGEID #: 117. But the movants have not identified a single *non-party* witness who would be impacted by litigating this case in Ohio; their argument is nothing more than an assertion that there are more defendants than plaintiffs. Accepting this argument would allow defendants to veto the choice of forum if they outnumber the plaintiffs. This turns on its head the general principle that the plaintiff is the master

of the complaint and can choose to litigate in any appropriate forum. And in any event, both the Sixth Circuit and this Court have cautioned that "the proper analysis is not to focus on the number of witnesses in each location but on willing witnesses' accessibility and convenience to the forum." *St. Joseph Solutions*, 2011 U.S. Dist. LEXIS 136192, at *16 (internal markup and quotations omitted) (quoting *Duha v. Agrium, Inc.*, 448 F.3d 867, 878 (6th Cir. 2006)). The movants simply have not made any argument—and despite presenting an affidavit, have offered no evidence—showing any *burden* on litigating in this district. They merely don't *want* to litigate here. But the law doesn't permit the defendants to defraud a plaintiff in Ohio and then claim that they'd rather not be haled into court in Ohio.

Relatedly, the movants' argument ignores the fact that there is another faction of out-of-district defendants altogether—defendant Foley Carrier Services is headquartered in the District of Massachusetts, and its employee defendant Allen Barber is believed to be in the District of Connecticut. *See Complaint*, dkt 2, at ¶2-3, PAGEID #: 33. Transferring the venue to the Eastern District of Kentucky would be no more or less convenient for those parties than remaining in the Southern District of Ohio. That means that the *only* effect of transfer would be to shift the (minimal) inconvenience from the movants to the plaintiff. Transfer would have no effect on the non-movant parties at all, so there really is no overall net benefit. This is precisely what this Court recognized as a factor weighing *against* transfer in *St. Joseph Solutions*, in which parties were located in Ohio, Georgia, and Mississippi. *See* 2011 U.S. Dist. LEXIS 136192, at *13, 21.

The movants' arguments in this portion of their brief is restricted to discussion of where *witnesses* are located; they make no arguments regarding the location of other *evidence*. This is not surprising, as the location of other evidence weighs against transfer. The nature of these claims reveals that there is no significant physical evidence in the Eastern District of Kentucky. The

6

claims in this case relate to commercial transactions and email and phone communications. The bulk of the evidence will come in the form of highly portable electronic documents. There are no devices or products to analyze, no facility to inspect, etc. This case will turn mainly or exclusively on documents, and particularly electronic documents. It would be no more burdensome on any party individually or all parties collectively to prepare their evidence for production and litigation in Ohio than it would be to do so in Kentucky. *See St. Joseph Solutions*, 2011 U.S. Dist. LEXIS 136192, at *13-14 ("transferring venue would merely shift the burdens here. Defendant may be burdened by transporting evidence to Ohio, but Plaintiffs would also be burdened by having to transport evidence to Georgia. A transfer is not appropriate if the result is simply to shift the inconvenience from one party to another. . . . Defendant has not identified any potential physical evidence that would be difficult to transport.") (internal markup and citations omitted). And again, this is especially true where there is a faction of defendants (Foley and Barber) that will remain out of their home district even if the case is transferred. This factor therefore weighs against transfer.

    c. **There are no other relevant practical problems that weigh in favor of transfer**

  The final factor generally considered in transferring venue is a nebulous consideration of other practical problems that make a trial "easy, expeditious and inexpensive." The only argument offered on this issue is the movants' assertion that Lykins has previously been a defendant in the Eastern District of Kentucky, and that Lykins has previously litigated against the movants in Kentucky state court. *See Motion to Transfer*, dkt. 12-1, PAGEID #: 117-118. The movants then state, "Thus, the trial of this case would be far more easy, expeditious, and inexpensive if it was held in the Eastern District of Kentucky." The connection between the stated facts and the conclusion is unexplained—nothing about the fact that Lykins has previously litigated in Kentucky

7

means that it *must* litigate in Kentucky in the future, and there is nothing to indicate that this case would be "easier," or more "expeditious," or more "inexpensive" if litigated there. Really, this is nothing more than an argument that the Eastern District of Kentucky is a permissible venue. Lykins doesn't dispute that, and it's not relevant to this analysis.

All of the private-interest factors weigh against transfer. This forum has a substantial connection to the claim, and indeed the claims can be said to have arisen in this district. The movants have identified no witnesses—other than themselves—who would be inconvenienced by litigating here, and the fact that a district is not the defendants' preferred venue is not grounds for disturbing the chosen forum. The movants have not identified any evidence that can't be easily transported to this district, and have not explained how or why the Eastern District of Kentucky would be easier, more expeditious, or less expensive. Even the non-moving defendants have no desire to transfer venue. The private-interest factors all weigh in favor of denying the motion to transfer.

### 2. The public-interest concerns do not weigh in favor of transfer

The Court should also consider public-interest factors. "Public factors include court congestion; the local interest in having localized controversies decided at home; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty." *St. Joseph Solutions*, 2011 U.S. Dist. LEXIS 136192, at *11-12. None of these factors weigh in favor of transfer.

In this portion of their brief the movants discuss only two factors—they argue that transferring may conserve judicial resources "by potentially putting the issues before a judge who

8

is already familiar with the issues," and that transferring may "allow a Kentucky federal judge to rule on issues of Kentucky law." Neither is availing. There is no reason to think that any transferee judge in Kentucky would have any familiarity at all with the issues presented here. While Lykins, R&S, and Brian Brooks were defendants in an Eastern District case filed in 2014, that case was settled prior to trial, and the only contact those parties had with the assigned judge was the Rule 16 scheduling conference, a joint request to modify a trial schedule, and the paperwork related to a stipulated dismissal of the case. There was no motion practice, no final pretrial conference, and no trial. *See Nye Decl.*, ¶6.

The reference to Kentucky law is also a red herring, as there is no reason to think that Kentucky law would apply to the claims in this case. A party seeking to apply foreign law "bears the burden of showing that the foreign law is different from the local law," and "where the party seeking application of the law of a foreign jurisdiction fails to demonstrate a conflict between local law and the law of that jurisdiction, local law governs." *DRFP, LLC v. Republica Bolivariana De Venez.*, 945 F.Supp.2d 890, 909 (S.D. Ohio 2013). The movants have made no effort to show either that relevant Kentucky law is different from Ohio law, or that Kentucky law should control. This Court therefore presumptively applies Ohio law.

In short, neither of the public-interest concerns identified by the movants weigh in favor of transfer.

## CONCLUSION

The movants bear the burden of showing that a transfer of venue is appropriate, and unless the factors discussed above *strongly* weigh in favor of transferring venue, the motion should be denied. Here, no factors weigh in favor of transfer. This district has a substantial connection to the case; transferring the case would merely shift the (minor) inconvenience from one group of

9

parties to another; there is no evidence that cannot be easily transported to this district for trial; there are no unusual substantive legal issues; and so on.  The motion to transfer should be denied.

          Respectfully submitted,

          /s/ Jeffrey M. Nye
          Peter A. Saba (0055535)
          Jeffrey M. Nye (0082247)
          STAGNARO, SABA
          & PATTTERSON CO., L.P.A.
          2623 Erie Avenue
          Cincinnati, Ohio 45208
          (513) 533-6714
          (513) 533-6711-facsimile
          **Attorneys for Lykins Energy Solutions**

## CERTIFICATE OF SERVICE

      The undersigned does hereby certify that a true and accurate copy of the foregoing was served upon all parties via CM/ECF on January 28, 2016.

          /s/ Jeffrey M. Nye
          Jeffrey M. Nye (0082247)